## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER J. MULDROW,

       Plaintiff,

v.                                                       No. 18cv119 WJ/KK

GREGGORY D. HULL, in his individual
and official capacity as the current
Mayor of Rio Rancho,
CITY OF RIO RANCHO,

       Defendants.

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*
### AND DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER
### AND/OR PRELIMINARY INJUNCTION

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in

District Court without Prepaying Fees or Costs, Doc. 2, filed February 6, 2018 ("Application"),

and on Plaintiff's Complaint for Declaratory and Injunctive Relief and Damages, Doc. 1, filed

February 6, 2018 ("Complaint").   For the reasons stated below, the Court will **GRANT** Plaintiff's

Application and **DENY** Plaintiff's request for a temporary restraining order and/or preliminary

injunction.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the

Court may authorize the commencement of any suit without prepayment of fees by a person who

submits an affidavit that includes a statement of all assets the person possesses and that the person

is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis,
> it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,

> if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and stated: (i) his and his spouse's combined average monthly income during the past 12 months is $1,500.00; and (ii) his and his spouse's combined monthly expenses are approximately $1,776.00. The Court finds Plaintiff is unable to pay the costs of these proceedings because his and his spouse's combined monthly expenses exceed their combined monthly income. *See Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948) (While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life").

**Request for Temporary Restraining Order and/or Preliminary Injunction**

Plaintiff is currently running for Mayor of the City of Rio Rancho ("City"). *See* Complaint at 1. On January 12, 2018, Defendants granted a community organization a permit to hold a candidate forum in a library owned by the City. On January 19, 2018, Defendants notified the community organization "that they were revoking the permit because no mayoral candidate forums were permitted at the library, however, shortly after Defendants allowed [another community organization] to host a mayoral candidate forum in the auditorium at the library on

January 30, 2018." Complaint at 1-2. "Defendants claim that the decision to revoke the permit was based on [a] city ordinance" which prohibits the use of public resources "to further partisan campaign purposes or to influence the outcome of an election." Complaint at 3. Plaintiff alleges:

> Defendants' revocation of permit was based on viewpoints and was not necessary to achieve any compelling government interest, in violation of the First and Fourteenth Amendments and the revocation was not narrowly tailored to a substantial government interest, and did not leave open alternative means of communication. The Ordinance is overly broad because it is not narrowly drawn or necessary to achieve any compelling government interest and unconstitutional because it limits freedom of political speech and assembly in traditional facilities such as parks as well as libraries.

Complaint at 4. Plaintiff states that "Defendants' revocation of the requested permit violated—and, unless enjoined by this Court, will continue to violate—Plaintiff's rights to freedom of speech, assembly, and petition as guaranteed by the First and Fourteenth Amendments to the United States Constitution." Complaint at 4. Plaintiff asks the Court to "Enter a temporary restraining order and/or preliminary injunction enjoining Defendants to permit the candidate forum to go on as planned in the Library on February 17, 2018." Complaint at 4. Plaintiff states that Defendants have been notified of his request for a temporary restraining order. *See* Information Sheet for T.R.O., Doc. 4, filed February 6, 2018. Defendants have not yet been served with a summons and copy of the Complaint, and have not entered an appearance in this case.

Plaintiff's Complaint requests that the Court "enter a temporary restraining order and/or preliminary injunction enjoining Defendants to permit the candidate forum to go on as planned in the Library on February 17, 2018." Complaint at 4. To obtain a preliminary injunction, Plaintiff "must show that four factors weigh in his favor: (1) [he] is substantially likely to succeed on the

3

merits; (2) [he] will suffer irreparable injury if the injunction is denied; (3) [his] threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012).

The Court will not enter a temporary restraining order or preliminary injunction at this time because Plaintiff has not shown that the four factors weigh in his favor. Plaintiff has not shown that he is likely to succeed on the merits. Plaintiff makes the conclusory allegations that the revocation of the permit "was based on viewpoints," and that the revocation and the ordinance are "not necessary to achieve any compelling government interest," but he does not make any factual allegations or cite any legal authority showing that the revocation of the permit violated his constitutional rights or that the ordinance is unconstitutional. Complaint at 2, 4. Plaintiff also does not set forth any argument or authority addressing any injury to Defendants that might result from them not enforcing the ordinance or whether an injunction would be adverse to the public interest. *See Heideman v. South Salt Lake City*, 348 F.3d 1182, 1191 (10th Cir. 2003) ("Although the presumption of constitutionality accorded a municipal ordinance is less than that accorded an Act of Congress, especially in a case involving an explicitly enumerated constitutional right, the ability of a city to enact and enforce measures it deems to be in the public interest is still an equity to be considered in balancing hardships").

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

At the plaintiff's request, the court may order that service be made by a United
States marshal or deputy marshal or by a person specially appointed by the court.
The court must so order if the plaintiff is authorized to proceed in forma pauperis
under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time

because Plaintiff has not provided the Defendants' addresses. The Court will order service if

Plaintiff provides the Court with Defendants' addresses.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs,

Doc. 3, filed January 23, 2018, is **GRANTED;** and

(ii) Plaintiff's request for a temporary restraining order and/or preliminary injunction is

**DENIED.**

 

 

_____
**UNITED STATES DISTRICT JUDGE**